# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ASHKAN RAJAEE,

Plaintiff,

v.

TYLER BRANDON DAVIS and TOPDEVZ, LLC,

Defendants.

Case No. 25-cv-01301-BAS-SBC

**ORDER:**
  **(1) DISMISSING THE ACTION WITH PREJUDICE;**

  **(2) VACATING AS MOOT DEFENDANTS' MOTION TO CHANGE VENUE TO BANKRUPTCY COURT (ECF No. 8); AND**

  **(3) VACATING AS MOOT PLAINTIFF'S EX PARTE**

- 1 -

25cv1301

**MOTION FOR LEAVE TO FILE SUR-REPLY (ECF No. 12)**

Having reviewed Parties' responses to this Court's Order to Show Cause (ECF Nos. 17, 18), the Court *sua sponte* **DISMISSES** the present action **WITH PREJUDICE** because it lacks subject matter jurisdiction. Accordingly, the Court also **VACATES AS MOOT** the motion to transfer venue to bankruptcy court submitted by Defendants Tyler Davis and TopDevz, LLC (ECF No. 8) and the ex parte motion for leave to file a sur-reply submitted by Plaintiff Ashkan Rajaee (ECF No. 12). Further, the Clerk of Court is hereby **DIRECTED** to close the case.

## I.    BACKGROUND

Plaintiff Rajaee and Defendant Davis are former business partners of Defendant TopDevz, who entered into an arbitration resulting in an $1,704,415.64 award to Davis and an additional $7,670,151.00 to TopDevz against Rajaee ("Arbitration Award"). (ECF No. 8-1 at 2:14–3:2.) On August 15, 2023, the Superior Court for the State of California, County of San Diego entered a judgment affirming the Arbitration Award. *See Davis v. Rajaee* (Super. Ct. San Diego County, 2022, Case No. 37-2022-00026691-CU-PA-CTL, Dkt Nos. 121, 122).

On May 21, 2025, Plaintiff filed a complaint against Defendants in the present action, seeking the following declaratory relief (ECF No. 1 at 12):

1. Declare that Davis wrongfully caused the dissolution of TopDevz under Cal. Corp. Code § 17704.07 subdivision (d) and, that the wrongful dissolution by Davis occurred on or around March 2022 or a date determined by the court;

2. Declare that Plaintiff is the manager of TopDevz and that Davis has lost the right to participate in management as a member and a manager of the LLC as early as March 2022, thereby forfeiting any and all authority previously vested in him;

3. Declare Plaintiff has never been lawfully removed as manager of TopDevz and Davis has never acquired legal rights to become the manager of TopDevz; and

4. To provide further declaratory relief as the court deems proper.

On August 27, 2025, Defendants filed a notice of removal of this case to the bankruptcy court, initiating the bankruptcy adversary proceeding known as *Rajaee v. Davis et al*, Adv. Case No. 3:25-90102-CL7 ("Bankruptcy Adversary"). (ECF Nos. 6, 7.) On September 3, 2025, Defendants filed a motion to dismiss the Complaint in the Bankruptcy Adversary, based on lack of standing, lack of subject matter jurisdiction, and claim preclusion pursuant to Fed. R. Civ. P. 12(b) ("Motion to Dismiss"). (ECF No. 8-1 at 4:8-11.)

At the bankruptcy court's hearing on the Motion to Dismiss, the bankruptcy court expressed concern that "it perceives that there may be a jurisdictional issue with how the case was removed from District Court" and continued the hearing to give Defendants time to file their motion to transfer venue (ECF No. 8) with this Court. (*See* ECF No. 8-3.)

On December 19, 2025, Defendants filed a motion to transfer the current action to bankruptcy court. (ECF No. 8.) Plaintiff opposed. (ECF No. 9.) Defendants replied. (ECF No. 11.) Plaintiff then filed a motion for leave to file a sur-reply to Defendants' reply. (ECF No. 12.)

The Court ordered Plaintiff to show cause as to why the current action should not be dismissed for lack of subject matter jurisdiction. (ECF No. 16.) Plaintiff timely filed a response. (ECF No. 17.) Defendants replied. (ECF No. 18.)

## II.    DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As such, federal courts have an independent duty to

examine the basis for exercising jurisdiction over every case, and pursuant to Fed. R. Civ. P. 12(h)(3) must dismiss a case if it appears "by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter . . .". *Id.* Accordingly, a court may dismiss an action *sua sponte* if it lacks subject matter jurisdiction. *See e.g., Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2001).

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (discussing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)). "[W]here a plaintiff's federal claim is 'in effect, a request that the district court decide an issue that [is] 'inextricably intertwined' with a judicial decision of a [state or] local court,' the Court lacks subject matter jurisdiction under *Rooker-Feldman.*" *Reed v. E. End Props., Inc.*, No. EDCV17955DMGKKX, 2018 WL 6131211, at *7 (C.D. Cal. Mar. 15, 2018) (citing *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003)).

Here, Plaintiff's requests for declaratory relief directly contradict the Arbitrator's findings and final award, which the San Diego Superior Court confirmed and adopted. *See Davis v. Rajaee* (Super. Ct. San Diego County, 2022, Case No. 37-2022-00026691-CU-PA-CTL, Dkt Nos. 121, 122). For example, Plaintiff's request for declaratory relief that "Davis wrongfully caused the dissolution of TopDevz under Cal. Corp. Code § 17704.07 subdivision (d)" (ECF No. 1 at 12) contravenes the Arbitration Award's findings that Davis had the right to dissolve TopDevz as its majority interest holder without Plaintiff's consent (ECF No. 11-2 at 108, Arbitration Award § 4.B(1))—which the San Diego Superior Court confirmed. *See Davis v. Rajaee* (Super. Ct. San Diego County, 2022, Case No. 37-2022-00026691-CU-PA-CTL, Dkt No. 121) (finding arbitrator had the authority to decide that Davis possessed both the majority ownership interest in TopDev and the subsequent right to seek dissolution); *see also* ECF No. 8-3 at 2–3 (a copy of *Davis v. Rajaee* (Super. Ct. San Diego County, 2022, Case No. 37-2022-00026691-CU-PA-CTL, Dkt No. 122))

- 4 -

(adopting the final arbitration award as the "Judgment of this [(the San Diego Superior)] Court").

As another example, Plaintiff's request for declaratory relief that "Plaintiff is the manager of TopDevz and that Davis has lost the right to participate in management as a member and a manager of the LLC" contradicts the Arbitration Award's order that Rajaee be removed as manager of TopDevz (ECF No. 11-2 at 159, Arbitration Award § 9.A.5)— which again, the San Diego Superior Court confirmed. *See Davis v. Rajaee* (Super. Ct. San Diego County, 2022, Case No. 37-2022-00026691-CU-PA-CTL, Dkt No. 121) (finding arbitrator had the authority to remove Rajaee as the manager of TopDevz); ECF No. 8-3 at 2–3 (a copy of *Davis v. Rajaee* (Super. Ct. San Diego County, 2022, Case No. 37-2022-00026691-CU-PA-CTL, Dkt No. 122)) (adopting the final arbitration award as the "Judgment of this [(the San Diego Superior)] Court").

As such, the Court finds the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction to resolve Plaintiff's requests for declaratory relief. *See e.g., Reed v. E. End Props., Inc.*, No. EDCV17955DMGKKX, 2018 WL 6131211, at *9 (C.D. Cal. Mar. 15, 2018) (dismissing Plaintiff's claims with prejudice under *Rooker-Feldman* where they requested a "declaratory judgment that they are the rightful owners of the Vineyard and Shirley Properties, which would directly upend the Superior Court's judgments in the underlying cases").[1]

## III.   CONCLUSION

For the reasons above, the Court *sua sponte* **DISMISSES** the present action **WITH PREJUDICE** because it lacks subject matter jurisdiction.  Accordingly, the Court also **VACATES AS MOOT** Defendants' motion to transfer venue (ECF No. 8) and Plaintiff's

---

[1] Because the Court dismisses the present action, it refrains from ruling on the merits of Defendants' motion to transfer the action to bankruptcy court (ECF No. 8).  However, the Court notes that courts within the Ninth Circuit have found: "[i]f the District Court does not have subject matter jurisdiction, it necessarily follows that the bankruptcy court does not have subject matter jurisdiction." *See In re Hager*, No. BK N 99 32815 GWZ, 2006 WL 4452997, at *5 (Bankr. D. Nev. Feb. 27, 2006) (citing *Fietz v. Great Western Savings,* 852 F.2d 455, 457(9th Cir. 1988)).

25cv1301

ex parte motion for leave to file a sur-reply (ECF No. 12).  Further, the Clerk of Court is hereby **DIRECTED** to close the case.

**IT IS SO ORDERED.**


**DATED:    May 1, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

25cv1301